J-S34010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY DAVID HILL | : | |
| | : | |
| Appellant | : | No. 550 MDA 2021 |

Appeal from the Order Entered April 27, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000266-1986

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: DECEMBER 3, 2021**

Appellant Jeffrey David Hill appeals *pro se* from the Order dismissing as untimely his "Writ of *Quo Warranto*/Prohibition/Error" after the trial court deemed it a petition raising claims that would be cognizable under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, if Appellant were still incarcerated.  Appellant has submitted a 191-page document entitled "Writ of Quo Warranto/Prohibition/Error" as an appellant's brief.  This document is nearly incomprehensible and, moreover, utterly fails to comply with our appellate briefing rules.  Accordingly, we dismiss this appeal.

We need not set forth the underlying facts, except to note that Appellant's judgment of sentence, imposed after a jury found him guilty of aggravated assault and related charges, became final in 1987.  Appellant was released from prison in 1992.  He has filed prolix motions seeking post-

conviction relief, both before and after his release from prison nearly three decades ago. Appellant's efforts have consistently garnered no relief.

On July 7, 2020, Appellant filed a "Writ of *Quo Warranto*/Prohibition/Error" with the court of common pleas, asserting, *inter alia*, that his arrest in 1986 resulted from police misconduct, his conviction resulted from a corrupt bench and bar in Lycoming County, and trial and appellate counsel provided ineffective assistance in defending him against "politically motivated, trumped up assault charges planned out over the airwaves by crooked cops[.]" **See** Writ of *Quo Warranto*/Prohibition/Error, Appellant's Br. at 1. The court filed an Order and Opinion providing notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded. On April 27, 2021, the court addressed Appellant's Rule 907 notice response and dismissed Appellant's petition. **See** Order, filed Apr. 27, 2021.

Appellant filed a notice of appeal. He subsequently filed a hand-written document entitled "Writ of *Quo Warranto*/Prohibition/Error," which this Court docketed as Appellant's brief. Appellant's "brief" is 191 pages long. It is comprised of multiple handwritten pages containing lists of numbered, mostly incomprehensible, complaints alleging incompetent and corrupt attorneys, police officers, and governmental and judicial bodies. Interspersed among the handwritten pages are pages from his trial transcript, from statute books, from case books, prior opinions rendered by this Court denying his multiple PCRA appeals, newspaper articles, a cartoon, and various and sundry other materials.

In addition to being nearly incomprehensible, this document fails to comport with the clear and concise briefing rules set forth in our rules of appellate procedure. **See** Pa.R.A.P. 2101 (requiring conformance with our rules of appellate procedure and noting substantial defects in the brief may result in dismissal of the appeal). **See also** Pa.R.A.P. 2111, 2114-2119 (providing briefing requirements). As a result of the substantial defects in Appellant's "brief," this Court is unable to provide meaningful review. Accordingly, we dismiss this appeal.

Appeal dismissed. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/03/2021